165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio FRANCO, Defendant-Appellant.
 No. 98-2177.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 29, 1998.
Decided Nov. 2, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 CR 292. George M. Marovich, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. JOHN L. COFFEY, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Antonio Franco pleaded guilty to conspiracy to possess and possession with the intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § § 841(a)(1) and 846. The district court sentenced him to sixty months' imprisonment, and Franco filed a timely notice of appeal. Franco's trial counsel was permitted to withdraw from further representation, and we appointed new counsel to represent Franco on appeal. Franco's appellate counsel now seeks to withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he considers an appeal to be without merit or possibility of success. Although he was notified of the opportunity to file a response to the Anders motion pursuant to Circuit Rule 51(a), Franco has not responded. Because counsel's brief is adequate on its face, we limit review of the record to those issues raised in the brief. United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997); United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996). We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 At sentencing, the district court granted Franco a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), resulting in a sentencing range of fifty-one to sixty-three months. Because of the large amount of marijuana, however, the court was required to impose a mandatory minimum sentence of sixty months unless Franco qualified for the "safety valve" provision set forth in U.S.S.G. § 5C1.2. See 21 U.S.C. § 841(b)(1)(B); 18 U.S.C. § 3553(f). Under that provision, a court may sentence a defendant in accordance with the applicable guidelines without regard to the statutory minimum sentence, if the defendant satisfies certain statutory requirements. See 18 U.S.C. § 3553(f). Franco, however, did not contend that he was entitled to the safety valve provision prior to sentencing, and the district court did not consider whether the provision applied.
 
 
 3
 In his brief, counsel identifies one potential issue for appeal but concludes that no nonfrivolous argument can be raised. Counsel states that he investigated whether Franco could claim that the district court erred in failing to reduce his sentence pursuant to § 5C1.2, but determined that such a claim would be frivolous. Franco did not claim that he qualified for the reduction, nor did he object to the finding in the presentence investigation report that he had failed to meet the requirements set forth in § 5C1.2. Franco made no attempt to satisfy the requirement that he "truthfully provide[ ] to the Government all information and evidence [he had] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." See United States v. Marin, 144 F.3d 1085, 1091 (7th Cir.) (quoting 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2), cert. denied, No. 98-5728, --- U.S. - - - - , --- S.Ct. ----, --- L.Ed.2d - - - - , 1998 WL 541267 (Oct. 5, 1998). Because Franco did not attempt to qualify, and indeed did not qualify, for the reduction under § 5C1.2, the district court properly imposed the mandatory minimum sentence of sixty months' imprisonment. Therefore, any appeal of his sentence would be frivolous.
 
 
 4
 Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.